IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:21-cv-00064-M

JESSE THOMAS GARNER, II,                )
                                         )
    Plaintiff,                           )
                                         )
v.                                       )    ORDER
                                         )
U.S. DEPARTMENT OF HOMELAND              )
SECURITY, et al.,                        )
                                         )
    Defendant.                           )

## Introduction

This matter is before the court on Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [DE 8]. Plaintiff's claim against the United States is barred by sovereign immunity; therefore, Defendant's motion to dismiss is granted.

## Statement of Facts[1]

On September 24, 2020, Plaintiff Jesse Garner II and Defendant United States Coast Guard Investigative Service (CGIS) entered into an Alternative Discipline Agreement. [DE 1-2]. The agreement was entered into "as an alternative to the formal disciplinary process" because on July 21, 2020, CGIS had issued Mr. Garner "a Notice of Proposed Removal for Providing Inaccurate Information, Misuse of a Government Vehicle, Exceeding Official Authority, Failure to Follow Established Procedures, and Improper Validation of Official Time and Attendance Records." [DE 1-2, at 1]. In the agreement, Mr. Garner accepted responsibility for his misconduct and CGIS

---

[1] At the motion-to-dismiss stage all of Plaintiff's well-pleaded factual allegations are taken as true and construed in his favor. *See, e.g., McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). In addition, Plaintiff is representing himself *pro se*. Therefore, his filings will be construed liberally. *See, e.g., Erikson v. Pardus*, 551 U.S. 89, 94 (2007).

agreed to forgo further processing of the adverse action. *Id.* Further, the parties agreed to a list of terms. Relevant here, Mr. Garner agreed in ¶ 4(d) to retire from the Federal service on May 31, 2022, or on the first day on which he is eligible, and, until then, he agreed in ¶ 4(e) to "physically report to the Wilmington (North Carolina) Resident Agent Office on every work day, unless specifically instructed to report elsewhere." *Id.*

On November 24, 2020, Mr. Garner made disclosures to U.S. Coast Guard leadership and filed a complaint with the Office of Inspector General. [DE 1-3, at 1; DE 1-4, at 2]. He alleged gross mismanagement, and abuse and fraud by Coast Guard management. In response, he alleges the Coast Guard breached their settlement agreement by reassigning him from Wilmington, NC, to Alexandria, VA. [DE 1, at 4].

On May 3, 2021, Mr. Garner filed a Complaint for a Civil Case Alleging Breach of Contract against the United States Department of Homeland Security (DHS) and CGIS. [DE 1]. He alleges his relocation is a breach of contract because he agreed to report "every work day" to the Wilmington Office and the Coast Guard ordered his reassignment in bad faith. He argues his reassignment was made in retaliation for the complaints he filed on November 24, 2020, and he requests $1,465,424.00 for attorney's fees, lost wages, and damages. [DE 1, at 4].

## Analysis

This court lacks jurisdiction over Mr. Garner's suit. Mr. Garner sues the United States for breach of contract. "Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" *United States v. Bormes*, 568 U.S. 6, 9–10 (2012) (quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992)) (internal quotation marks omitted). "It is axiomatic that the United States may not be sued without its consent and that the

existence of consent is a prerequisite for jurisdiction." *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).

The United States has waived its sovereign immunity for breach-of-contract claims subject to the requirements of 28 U.S.C. § 1491(a)(1) (the "Tucker Act") and 28 U.S.C. § 1346(a)(2) (the "Little Tucker Act"). The Tucker Act grants exclusive jurisdiction to the United States Court of Federal Claims to hear cases involving contract claims against the United States. 28 U.S.C. § 1491(a)(1); *Vill. of Bald Head Island v. U.S. Army Corps of Eng'rs*, 833 F. Supp. 2d 524, 534 (E.D.N.C. 2011), *aff'd*, 714 F.3d 186 (4th Cir. 2013). The Little Tucker Act grants concurrent jurisdiction to district courts to hear contract claims against the United States "not exceeding $10,000 in amount." 28 U.S.C. § 1346(a)(2); *Vill. of Bald Head Island*, 833 F. Supp. 2d at 534. If a plaintiff's claim exceeds $10,000, he must bring the action in the Court of Federal Claims. *Randall*, 95 F.3d at 347. However, if a plaintiff's breach-of-contract claim does not request money damages, but seeks only declaratory or injunctive relief, sovereign immunity applies, and the United States cannot be sued. *See King v. Burwell*, 759 F.3d 358, 367 (4th Cir. 2014), *aff'd*, 576 U.S. 473 (2015) (quoting *Berman v. United States*, 264 F.3d 16, 21 (1st Cir. 2001)) ("[T]he Little Tucker Act does not authorize claims that seek *primarily* equitable relief.") (emphasis added); *see also Vill. of Bald Head Island*, 833 F. Supp. 2d at 534 (quoting *Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1082 (10th Cir. 2006)) ("[T]he Tucker and Little Tucker Acts 'impliedly forbid' federal courts from ordering declaratory or injunctive relief, at least in the form of specific performance, for contract claims against the government, and . . . the APA thus does not waive sovereign immunity for such claims.").

This court does not have jurisdiction over Mr. Garner's suit. First, Mr. Garner's Complaint requests damages against the United States for breach of contract in excess of $10,000. Therefore,

3

the Court of Federal Claims has exclusive jurisdiction. Second, Mr. Garner waives all claims for damages in his Response Brief and seeks only equitable relief preventing the United States from reassigning him from Wilmington, NC, to Alexandria, VA. [DE 15, at 1]. However, following his waiver of all money damages, Mr. Garner's suit seeks only equitable relief. As previously stated, this court may not order specific performance of the contract terms. As pled, this Complaint satisfies neither the Tucker Act nor the Little Tucker Act and is barred by sovereign immunity.

Mr. Garner's Complaint is dismissed without prejudice. He may wish to correct his pleading deficiency and refile his Complaint, either in the Court of Federal Claims or, if he waives all damages above $10,000, in this court. *Cf. Goins v. Speer*, No. 4:16-CV-48-D, 2017 WL 3493607, at *6 (E.D.N.C. Aug. 14, 2017).

## Conclusion

The court holds that it lacks jurisdiction to hear Mr. Garner's breach-of-contract claim because his claim is barred by sovereign immunity. Defendants' motion to dismiss is GRANTED and Plaintiff's Complaint is DISMISSED without prejudice.

SO ORDERED this 11th day of January, 2022.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE